**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NUMBER: 12-20608-CV-JG**

HERMAN CUERVO, GUILLERMO CUERVO,
ISAAC SATURNINO, ERNESTO OBREGON,
EMILIO RAMIREZ

    Plaintiffs,

vs.

AIRPORT SERVICES INCORPORATED,
PROFICIENT SERVICES, LLC and
HAZEM A. SABRY

    Defendants.
_____/

**MOTION TO DISMISS AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM OF LAW**

COMES NOW Defendant, Proficient Services, LLC ("Proficient"), and respectfully moves to dismiss Herman Cuervo et al. ("Plaintiffs") First Amended Complaint for the following reasons:

1. Successor liability is not permitted under the FLSA.

2. Plaintiff failed to allege a merger or transfer of assets between Airport Services and Proficient.

3. Plaintiffs, by alleging a fraudulent transfer, are attempting to obtain a priority position in an alleged asset of Airport Services without going through the bankruptcy court.

WHEREFORE, Proficient respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint and provide Proficient with such other and further relief as the Court deems just and proper under the circumstances.

## SUPPORTING MEMORANDUM

Proficient hereby files this Memorandum of Law in Support of its Motion to Dismiss as follows:

## MEMORANDUM OF LAW

### A. Procedural History

On February 14, 2012, Plaintiffs filed a lawsuit against Airport Services Inc,, Ann Mitchell, and Hazem Sabry, alleging Fair Labor Standards Act ("FLSA") violations. [Dkt. 1]. Proficient was not named as a Defendant in this original action. [Dkt. 1]. Defendant, Airport Services, Inc. filed for bankruptcy on July 27, 2012. [Dkt. 49]. Defendant, Hazem Sabry filed for bankruptcy on April 30, 2013. [Dkt. 79]. On August 18, 2012, Plaintiffs filed a motion for leave to amend the complaint to add Proficient to the lawsuit. [Dkt. 37]. Plaintiffs originally alleged that Proficient was a joint enterprise with Airport Services. [Dkt. 37 ¶10]. Plaintiffs abandoned that argument and sought to add Proficient to the lawsuit based on the theory of successor liability and alleged fraudulent transfers between Airport Services and Proficient. [Dkt. 47 ¶4]. On March 1, 2013, Plaintiffs filed a second renewed motion to amend the complaint to add Proficient as a defendant. [Dkt. 73]. On March 5, 2013, the Court entered an order granting Plaintiffs motion to amend its complaint. [Dkt. 74]. On March 6, 2013, Plaintiffs filed the First Amended Complaint, which is the subject of the instant motion. [Dkt. 75].

*B. Standard of Review*

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2), Federal Rules of Civil Procedure. The factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A] complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Corbitt v. Home Depot U.S.A., Inc., 589 F.3d 1136, 1170 (11th Cir.2009) (internal quotes omitted). "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252, 1260 (11th Cir.2009). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).

*C. Plaintiffs' FLSA Claim Should Be Dismissed Because Plaintiffs Failed to State a Basis for Relief*

Proficient is a separate legal entity from Airport Services and therefore should not be liable for any alleged FLSA violations of Airport Services. It is well settled under Florida law that where two companies are separate and distinct legal entities, they will not be liable for each other's obligations. Galencare, Inc. v. Mosley, 59 So. 3d 138, 143 (Fla. 2d DCA 2011); see also Sens v. Slavia, Inc., 304 So. 2d 438, 443 (Fla. 1974) (holding that the mere acquisition of property from a corporation generally does not make the buyer liable for the corporation's debts). A limited exception to this rule exists where the law provides for successor liability. Generally, "the obligations and liabilities of a predecessor corporation are not imposed upon the successor

3

company unless: (1) the successor expressly or impliedly assumes the obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor." Coral Windows Bahamas, Ltd v. Pande Pane, LLC, 2013 WL 321584, *3 (S.D. Fla. 2013).

In the context of alleged FLSA violations, there is no authority in the Eleventh Circuit or Southern District to abrogate the general rule that separate and distinct legal entities are not responsible for each other's obligations. See Hurtado v. Raly Development, Inc., 2012 WL 3687488, *15-*16 (S.D. Fla. 2012). In Raly Development, Bravo Companies owned a property and hired Raly to clean it up from August 2010 through September 2011. Id. at *1. Hurtado, the Plaintiff, was an employee of Raly. Id. at *3. In September 2011, Bravo Companies, contracted with General Recycling instead of Raly to clean up the property. Id. at *4. General Recycling hired some of Raly's employees – including Hurtado. Hurtado claimed that Raly failed to pay him overtime and as part of the lawsuit, sued General Recylcing under a theory of successor liability. Id.

The Southern District held that Hurtado provided no controlling authority which finds that successor liability even exists under the FLSA. Id. at *15. Additionally, Hurtado failed to "explain why the Court should adopt the legal standards laid out in *Steinbach,* which applied the successor liability principles from National Labor Relations Act ("NLRA") claims to FLSA claims." Id. The court went on to hold that even if it applied *Steinbach*, General Recycling was not a bona fide successor to Raly by virtue of: (1) hiring Raly's crew; (2) hiring Raly's supervisor; or (3) performing the same job for Bravo as had Raly. Id. at *16.

4

Similarly to Raly Development, there is not authority or reason to apply successor liability to Plaintiffs' FLSA claims. Under the general rule, Proficient is not liable for the obligations of Airport Services. There is no reason to abrogate this general rule. This is especially true where Plaintiffs' have set forth no factual allegations of how Proficient is a bona fide successor to Airport Services. Plaintiffs even admit that Proficient never employed Plaintiffs. [Dkt. 75 ¶18]. As in Raly Development, there is no legal basis to support a claim for successor where Proficient contracted with parties that previously contracted with Airport Services and where Proficient hired the prior employees of Airport Services. Accordingly, Plaintiffs' First Amended Complaint should be dismissed as to Proficient as successor liability is not applicable to FLSA claims.

*D.  Plaintiffs Failed to Allege Any Merger or Transfer of Assets*

Even if the Court holds that a successor in interest can be liable for the FLSA violations of a predecessor, Plaintiffs fail to allege that there was privity in the form of a sale, merger or transfer of assets between Airport Services and Proficient. It is well settled that "one of the fundamental requirements for consideration of the imposition of successor liability is a merger or transfer of assets between the predecessor and successor companies." Coffman v. Chugach Support Services, Inc., 411 F.3d 1231 (11th Cir. 2005).

In Coffman, Coffman worked for Del-Jen as the Hazardous Material Program Manager and served as a Non-Commissioned Officer in the Air Force Reserve. Id. at 1232. Del-Jen served as the primary contractor at Tyndall Air Force Base – providing base support services. Id. Coffman left Del-Jen for active military duty for one year. Id. While Coffman was in active duty, the Air Force awarded Chugach the base support services contract at Tyndall. Id. at 1233.

5

Chugach hired 97 out of 100 former Del-Jen employees but did not hire Coffman. Id. Del-Jen placed Coffman in a lesser position and refused to promote Coffman to his prior position. Id. at 1234. Coffman alleged discrimination due to his active military status under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).[1] Id. Coffman sued Chugach alleging that it was a successor in interest to Del-Jen and was therefore required to reemploy him. Id. at 1237. The Northern District of Florida entered summary judgment in favor of Chugach and against Coffman holding that Chugach was not liable as a "successor in interest" "because there was no predecessor-successor relationship between Chugach and Del-Jen in the form of a merger or transfer of assets. Id.

On appeal, the Eleventh Circuit affirmed, holding that the court must determine whether a merger or transfer of assets transpired between the alleged successor and predecessor as a threshold matter. Id. The analysis of business continuity is "unnecessary and improper where no merger or transfer of assets even transpired between the two subject companies." Id. Accordingly, the Eleventh Circuit affirmed the trial court's order granting summary judgment in favor of Chugach. Id. at 1238.

Similarly, Plaintiffs are suing Proficient as the successor in interest to Airport Services. However Plaintiffs have not alleged and cannot allege that there is a predecessor-successor relationship between Proficient and Airport Services in the form of a merger or transfer of assets. As in Coffman, Proficient did not purchase the assets of Airport Services – but rather entered into contracts with a party that previously contracted with Airport Services. Privity is not created by hiring the employees or taking over the work of a separate company.

---

[1] Unlike FLSA, USERRA defines "employer" to include a "successor in interest" to a plaintiff's previous employer. 38 U.S.C. §4303(4)(A)(iv)(2002).

6

Plaintiffs state that "[t]here is privity between AIRPORT and PROFICIENT as evidenced by the close relationship between stockholders of both corporations." [Dkt. 75 ¶17]. There is no legal authority for the proposition that privity exists simply because two entities have related stockholders. In fact, corporate ownership is not even a factor used in determining the applicability or appropriateness of successor liability. See Desporte-Bryan v. Bank of America, 147 F.Supp.2d 1356, 1362 (S.D. Fla. 2001).

It is "unnecessary and improper" for the Court to analyze whether Proficient shares common ownership with Airport Services or whether Proficient is a continuation of Airport Service's business as alleged Plaintiffs' First Amended Complaint. [Dkt. 75 ¶¶17-18]. Accordingly, Plaintiffs' First Amended Complaint should be dismissed as to Proficient for failure to identify a predecessor-successor relationship sufficient to impose liability.

### *E. Plaintiffs Are Improperly Seeking to Circumvent Bankruptcy Procedures by Alleging Fraudulent Transfers*

Plaintiffs are improperly attempting to obtain relief against Proficient by alleging that it is the recipient of a fraudulent transfer from Airport Services. [Dkt. 75 ¶16]. Plaintiffs allege that Airport Services has filed for bankruptcy. [Dkt. 75 ¶19]. Fraudulent transfer claims and alter ego actions are property of the bankruptcy estate. In re C.D. Jones & Co., Inc., 482 B.R. 449, 454-456 (Bankr. N.D. Fla. 2012).

In C.D. Jones, Daakes, the largest unsecured creditor of the bankruptcy estate, filed a state court lawsuit against third parties based on the theories of alter-ego and fraudulent transfers from the bankrupt entity. Id. at 451. Daakes was attempting to keep the proceeds of any recovery for themselves. Id. The Trustee wanted to bring any recover into the bankruptcy estate for distribution to all unsecured creditors. Id. The bankruptcy court held that the alter-ego and

fraudulent transfer claims were property of the estate and the Trustee had exclusive standing to pursue such claims.  Id. at 458.

As in C.D. Jones, Plaintiffs are attempting to obtain relief from Proficient, a third party. Plaintiffs are attempting to keep the proceeds of any potential recovery for themselves. However, Plaintiff's claims are actually fraudulent transfer claims which are the property of the estate.  The Trustee is the one who has the right to recover any assets that were allegedly fraudulently transferred from Airport Services.  Any recovery shall inure to the benefit of all creditors – and not just Plaintiffs.  Because Plaintiffs do not have standing to bring the instant causes of action against Proficient the Court should dismiss those claims.

## CONCLUSION

For the foregoing reasons, Proficient Services, LLC. respectfully request that the Court enter an Order dismissing Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted and provide Proficient Services, LLC with such other and further relief and the Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF.

                          Respectfully submitted,

                          **JASON D. KATZ, P.A.**

                          s/ Jason D. Katz
                          Jason D. Katz, Esq.
                          jason@jkatzlaw.com
                          Florida Bar No. 013593
                          3325 S. University Drive, Suite 210
                          Davie, Florida 33328
                          Tel:   (954) 494-5732
                          Fax:   (954) 530-0926

                          *Attorneys for Proficient Services, LLC*

## SERVICE LIST

| | |
|---|---|
| Martin Saenz, Esq. | Richard V Blystone |
| The Saenz Law Firm, P.A. | Archer Bay, P.A. |
| 20900 N.E. 30th Avenue, Suite 800 | 7901 Kingspointe Parkway |
| Aventura, FL 33180 | Suite 8 |
| | Orlando, FL 32891 |
| | |
| Zandro E. Palma | Carla T. Reece |
| Zandro E. Palma, P.A. | Archer Bay, P.A. |
| 3100 South Dixie Highway | 7901 Kingspointe Parkway |
| Suite 202 | Suite 8 |
| Miami, FL 33133 | Orlando, FL 32919 |