UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20608-CIV-GOODMAN

[CONSENT CASE]

HERMAN CUERVO, et al.,

    Plaintiffs,

v.

AIRPORT SERVICES, INC., et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS AND STAYING PORTION OF CASE

In their amended complaint, Plaintiffs[1] allege that defendant Proficient Services, LLC ("Proficient") is liable for defendant Airport Services, Inc.'s ("ASI") Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, violations because it is ASI's successor in interest. Proficient moved to dismiss the amended complaint by arguing, in part, that no cause of action for successor liability exists under the FLSA in this Circuit. After closely examining the applicable case law and the relevant facts in this case, the Court concludes that a cause of action for successor liability under the FLSA does exist in this Circuit. Accordingly, the Court **denies** Proficient's motion. The Court also stays this

---

[1]     Herman Cuervo, Guillermo Cuervo, Isaac Saturnino, Ernesto Obregon, and Emilio Ramirez.

case as to defendants ASI and Hazem A. Sabry ("Sabry"), due to their respective bankruptcies.

## I.   BACKGROUND

Plaintiffs filed suit against Ann Mitchell ("Mitchell"), Sabry, and ASI, alleging myriad violations of the FLSA and Florida's Minimum Wage Act, § 448.110, Fla. Stat. (2012), arising from their employment as car cleaners for ASI's cleaning service to rental car companies at Miami International Airport. [ECF No. 1]. Sabry and Mitchell filed their respective answers to Plaintiffs' complaint. [ECF Nos. 6; 11]. ASI did not respond, and a default judgment and an award of attorney's fees and costs was entered against ASI. [ECF Nos. 10; 12; 26; 29; 31; 32; 33]. ASI then filed for bankruptcy. [ECF No. 49]; *In re Airport Servs., Inc.*, No. 6:12-bk-10198-KSJ (M.D. Fla. 2012).

In light of ASI's bankruptcy, Plaintiffs moved to amend their complaint to add Proficient as a defendant. [ECF No. 37]. Plaintiffs argued that by taking over ASI's operations and doing so by using ASI's employees and managers, Proficient was a joint employer under the FLSA. [*Id.* at pp. 2-5]. The Court denied that motion (without prejudice) because, among other things, Plaintiffs conceded that Proficient did not

employ them because it only began to operate as ASI *after* the default judgment against ASI. [ECF No. 63].[2]

Plaintiffs filed a renewed motion to amend their complaint to add Proficient as a defendant under a successor liability theory (i.e., Proficient is liable for ASI's labor violations because it is ASI's successor in interest). [ECF No. 73]. The Court granted the renewed motion [ECF No. 74], and Plaintiffs filed their first amended complaint against ASI, Sabry, and Proficient. [ECF No. 75].

ASI and Sabry answered the amended complaint. [ECF No. 77]. After filing his answer, Sabry filed for bankruptcy. [ECF No. 79]. Proficient consented to the Undersigned's jurisdiction to hear this case and filed a motion to dismiss the amended complaint. [ECF No. 82]. Plaintiffs filed their response in opposition. [ECF No. 85]. Proficient did not file a reply and the time to do so has passed.

## II.  APPLICABLE LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). "A pleading must contain 'a short and plain statement of the claim

---

[2]  In the interim, Plaintiffs voluntarily dismissed Mitchell from this case and the Court entered an order of dismissal. [ECF Nos. 56; 59].

showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While detailed factual allegations are not always necessary in order to prevent dismissal of a complaint, the allegations must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a court must accept as true a plaintiff's allegations, a court may dismiss a complaint on a dispositive issue of law. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III.   DISCUSSION

Proficient argues that Plaintiffs' amended complaint should be dismissed for the following reasons: (1) there is no cause of action for successor liability under the FLSA in this Circuit; (2) Plaintiffs failed to allege a merger or transfer of assets between ASI and Proficient, as they are required; and (3) Plaintiffs are improperly attempting to obtain a priority position in ASI's bankruptcy without going to the bankruptcy court.

#### A. Successor Liability Under the FLSA

Proficient's argument is that Plaintiffs have not stated a claim for successor liability under Florida law and that there is no authority in this Circuit to abrogate Florida's general successor liability rule in FLSA cases. In other words, Proficient argues that this Circuit has not recognized successor liability under the FLSA.

The problems with Proficient's argument are two-fold. First, as far as this Court can tell, every other federal appellate and district court that has faced this issue has found that successor liability exists under the FLSA. Thus, this Court has little difficulty concluding that if faced with the issue, the Eleventh Circuit Court of Appeals would find that successor liability exists under the FLSA. Second, it is not entirely clear that Florida law is, or should be, the applicable law in determining whether there is successor liability under the FLSA. As will be explained below, the federal courts are split on which law applies to determine whether successor liability exists in a given FLSA case. But that issue is of no moment here, because Plaintiffs have stated a claim even if Florida law applies.

1. <u>The Federal Courts That Have Considered the Issue are Unanimous That FLSA Successor Liability Exists</u>

While other federal courts have found that successor liability exists under the FLSA, the Eleventh Circuit has not decided the issue. *Hurtado v. Raly Dev., Inc.*, No. 11-24476-Civ-Altonaga, 2012 WL 3687488, at *15-16 (S.D. Fla. Aug. 27, 2012) (applying Ninth Circuit's FLSA successor liability test to find no successor liability under the specific facts because plaintiffs failed to meet that test, but not deciding either way whether FLSA successor liability exists and noting that the Eleventh Circuit has not

5

decided the issue). However, the converse of this proposition is also true: this Circuit has not decided that successor liability under the FLSA does *not* exist.

In the second half of the twentieth century, the Supreme Court developed a federal common law successor liability doctrine applicable to certain federal labor laws. *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 548-49 (1964) (Labor Management Relations Act); *Golden State Bottling Co., Inc. v. N.L.R.B.,* 414 U.S. 168, 181-85 (1973) (National Labor Relations Act ("NLRA")). This federal common law successor liability doctrine now extends to almost every federal labor statute. *See, e.g., Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac,* 920 F.2d 1323 (7th Cir. 1990) (Multiemployer Pension Plan Amendments Act ("MPPAA")); *Sec. of Labor v. Mullins,* 888 F.2d 1448 (D.C. Cir. 1989) (Mine Safety and Health Act); *Criswell v. Delta Air Lines, Inc.,* 868 F.2d 1093 (9th Cir. 1989) (Age Discrimination in Employment Act); *Trs. for Alaska Laborers-Constr. Indus. Health & Sec. Fund v. Ferrell,* 812 F.2d 512 (9th Cir. 1987) (Employment Retirement Income Security Act ("ERISA")); *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740 (7th Cir. 1985) (42 U.S.C. § 1981); *In re Nat'l Airlines, Inc.,* 700 F.2d 695, 698 (11th Cir. 1983) (Title VII).

The rationale behind the extension of successor liability is to prevent labor unrest or to protect workers' rights. *Teed v. Thomas & Betts Power Solutions, LLC,* 711 F.3d 763, 766 (7th Cir. 2013); *see also Golden State Bottling Co., Inc,* 414 U.S. at 181-85. In either case,

imposing successor liability furthers the relevant labor statute's goals because workers are not able to stop a sudden change in ownership aimed at extinguishing their employer's liability to them, and they would likely be left without a remedy unless they could invoke the successor liability theory. *Teed*, 711 F.3d at 766; *Steinbach v. Hubbard*, 51 F.3d 843, 845 (9th Cir. 1995).

The underlying legal and policy rationales for extending successor liability to federal labor statutes are equally applicable to the FLSA. "The FLSA was passed to protect workers' standards of living through the regulation of working conditions. 29 U.S.C. § 202. That fundamental purpose is as fully deserving of protection as the labor peace, anti-discrimination, and worker security policies underlying the NLRA, Title VII, 42 U.S.C. § 1981, ERISA, and MPPAA." *Steinbach*, 51 F.3d at 845 (extending successor liability to the FLSA). Pragmatically, without successor liability, an FLSA violator could escape liability, or make it harder for employees to obtain relief, by selling or transferring its assets to a buyer and then dissolving. *Teed*, 771 F.3d at 766. And this is why, as best as this Court can tell, every federal court that has considered the issue has found that successor liability exists under the FLSA.[3] In fact, there is not "a single

---

[3] Second Circuit: *Alvarez v. 40 Mulberry Rest., Inc.*, No. 11 Civ. 9107(PAE), 2012 WL 4639154, at *4-6 (S.D.N.Y. Oct. 3, 2012); *Garcia v. Serpe*, No. 3:08CV1662 VLB, 2012 WL 380253, at *11 (D. Conn. Feb. 6, 2012); *Medina v. Unlimited Sys., LLC*, 760 F. Supp. 2d 263, 270-73 (D. Conn. 2010); *Wong v. Hunda Glass Corp.*, No. 09 CIV. 4402 (RLE), 2010 WL

7

opinion where successor liability has been rejected as a matter of law in an FLSA case." *Thompson v. Bruister & Assocs., Inc.*, No. 3:07-00412, 2013 WL 1099796, at *5 (M.D. Tenn. Mar. 15, 2013) (finding that successor liability exists under the FLSA in the Sixth Circuit).

While it is true that the Eleventh Circuit has not decided whether successor liability exists in FLSA cases, it has decided the issue in the context of another federal employment statute. In *In re National Airlines, Inc.*, the Eleventh Circuit readily found that the Supreme Court's successor liability doctrine for NLRA cases applied to a Title VII action. 700 F.2d at 698. And in a later case, it stated that *In Re National Airlines, Inc.*

---

2541698, at *1 (S.D.N.Y. June 23, 2010); *Vasquez v. Ranieri Cheese Corp.*, No. 07-CV-464-ENV-VVP, 2010 WL 1223606, at *10 (E.D.N.Y. Mar. 26, 2010); *Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 276, 289-90 (E.D.N.Y. 2007); Fifth Circuit: *Cooke v. Jasper*, No. H-07-3921, 2010 WL 4312890, at *4-5 (S.D. Tex. Oct. 25, 2010); *Powe v. May*, 62 F. App'x 557 (5th Cir. 2003) ("we assume without deciding that the [successor liability] doctrine applies to the FLSA"); Sixth Circuit: *Thompson v. Bruister & Assocs., Inc.*, No. 3:07-00412, 2013 WL 1099796, at *5-7 (M.D. Tenn. Mar. 15, 2013) *certificate of appealability denied*, No. 3:07-00412, 2013 WL 5428747 (M.D. Tenn. Sept. 27, 2013); Seventh Circuit: *Teed v. Thomas & Betts Power Solutions, LLC*, 711 F.3d 763 (7th Cir. 2013); Eighth Circuit: *Paschal v. Child Dev. Inc.*, No. 4:12-CV-00184-BRW, 2012 WL 1660688 (E.D. Ark. May 11, 2012); *Brock v. LaGrange Equip. Co.*, No. CV 86–0–170, 1987 WL 39105 (D. Neb. July 14, 1987); *Usery v. Broadway Inn, Inc.*, No. 76 CV 231-C, 1978 WL 1700 (W.D. Mo. June 9, 1978); Ninth Circuit: *Steinbach v. Hubbard*, 51 F.3d 843 (9th Cir. 1995); Tenth Circuit: *Chao v. Concrete Mgt. Res., L.L.C.*, No. 08–2501–JWL, 2009 WL 564381 (D. Kan. Mar. 5, 2009); Eleventh Circuit: *See Adair v. Ferst*, 45 F. Supp. 824, 825 (N.D. Ga. 1942) ("[w]here one, with knowledge of a claim of liability under the . . . [FLSA] . . . assumes or becomes otherwise subject to the obligation of such liability . . . a suit against him seeking recovery . . . is within the jurisdiction of this court").

8

stands for the proposition that "whether a successor corporation should be liable for **the unfair labor practices** of its predecessor" is based on the Supreme Court's successor liability test for federal labor law cases. *Drayton v. W. Auto Supply Co.*, No. 01-10415, 2002 WL 32508918, at *5 n.11 (11th Cir. Mar. 11, 2002) (emphasis added) (citing *In re Nat'l Airlines,* 700 F.2d at 698). The Eleventh Circuit's rationale in *In re National Airlines, Inc.*, extending successor liability to Title VII cases, coupled with its *dicta* in *Drayton,* makes it easy for this Court to predict that the Eleventh Circuit, like every other federal court to decide the issue, would conclude that successor liability exists under the FLSA.

2. <u>Analysis</u>

Finding that a cause of action for successor liability exists under the FLSA does not end the analysis. The Court must still determine whether Plaintiffs have properly alleged such a claim. In that regard, the federal courts are split on determining which standard to use when evaluating whether there is successor liability under the FLSA in a given case.

All federal courts outside of the Second Circuit apply the Supreme Court's successor liability test in federal labor cases. But district courts in the Second Circuit are split as to whether one of the following three approaches should govern: the Supreme Court's "substantial continuity" test (what this Court has called the Supreme Court's successor liability test in federal labor cases); the Second Circuit's traditional (federal)

9

common law successor liability test; or the applicable state law's successor liability common law test. *See Battino v. Cornelia Fifth Ave., LLC*, 861 F. Supp. 2d 392, 403-04 (S.D.N.Y. 2012); *Medina v. Unlimited Sys., LLC*, 760 F. Supp. 2d 263, 266 (D. Conn. 2010). This Court does not have to decide that issue here because applying the Supreme Court's test or Florida law leads to the same result; Plaintiffs have stated a claim.[4]

> i. *Plaintiffs Have Stated a Claim Under the Supreme Court's Successor Liability Test in Labor Cases*

In determining whether successor liability exists in the labor context, the Eleventh Circuit adopted the Sixth Circuit's balancing of the interests test in *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974), which set out in more detail the Supreme Court's successor liability test in federal labor law cases. *See In re*

---

[4] This Court does not have to apply the Second Circuit's common law successor liability test, because that Circuit's case law is not binding. And the Eleventh Circuit does not appear to have created its own federal common law successor liability test for non-federal companies. Rather, the Eleventh Circuit appears to either apply the applicable state law's common law successor liability test or the Supreme Court's successor liability test. *See, e.g., Centimark Corp. v. A to Z Coatings & Sons, Inc.*, 288 F. App'x 610, 614 (11th Cir. 2008) (applying Florida law); *Clanton v. Inter.Net Global, L.L.C.*, 435 F.3d 1319, 1323 & n.4 (11th Cir. 2006) (applying New York law); *Drayton,* 2002 WL 32508918, at *5 n.11 (noting that application of the Supreme Court's multi-factor test in federal labor cases determines "whether a successor corporation should be liable for the unfair labor practices of its predecessor") (citing *In re Nat'l Airlines,* 700 F.2d at 698); *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1494 (11th Cir. 1996) (applying Alabama law to determine liability under Comprehensive Environmental Response, Compensation and Liability Act of 1980); *Bud Antle, Inc. v. E. Foods, Inc., 758 F.2d 1451, 1456 (11th Cir. 1985) (applying Georgia law).

*Nat'l Airlines, Inc.,* 700 F.2d at 698. Under this balancing of the interests test, the Court must first consider whether the successor employer had prior notice of the claim against the predecessor. Second, the Court must look at whether the predecessor is able to provide the relief requested. Finally, the Court must determine whether there has been sufficient continuity in the business operations of the predecessor and the successor to justify the imposition of liability.[5] Equitable principles may also be considered. *Steinbach,* 51 F.3d at 846 (citation omitted).

Here, Plaintiffs have stated sufficient factual allegations in their amended complaint to meet all three factors. First, Plaintiffs allege that Proficient had notice of Plaintiffs' claims against ASI. [ECF No. 75, ¶¶ 14-15]. Second, Plaintiffs allege ASI is unable to provide relief. [*Id.* at ¶ 19]. Finally, Plaintiffs allege that Proficient is a continuation of ASI because it services ASI's clients by using ASI's equipment, personnel, management, and assets. [*Id.* at ¶ 18]. Accordingly, the Court finds that

---

[5] "This final factor is an amalgamation of a number of indicia of continuity identified in the various cases. These include such things as (1) whether the new employer uses the same plant; (2) whether it uses the same or substantially the same work force; (3) whether it uses the same or substantially the same supervisory personnel; (4) whether the same jobs exist under substantially the same working conditions; (5) whether the successor uses the same machinery, equipment, and methods of production; and (6) whether he produces the same product." *Preyer v. Gulf Tank & Fabricating Co., Inc.,* 826 F. Supp. 1389, 1395-96 (N.D. Fla. 1993) (internal citations omitted).

Plaintiffs have sufficiently alleged a cause of action for successor liability under the FLSA.

>        ii.    *Plaintiffs Have Stated a Claim for Successor Liability Under Florida law*

Most states, like Florida, limit the liability of a successor company. The general rule is that the liability of the predecessor company is not imposed upon the successor company, unless one of the following limited exceptions is met:

> (1) the successor expressly or impliedly assumes the obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, **or** (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor

*Bernard v. Kee Mfg. Co.*, 409 So. 2d 1047, 1049 (Fla. 1982) (emphasis added); *see also Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145 (Fla. 4th DCA 1994) (finding successor association was liable for predecessor's judgment in employment case).

The theory of Plaintiffs' case against Proficient is that after the default judgment against ASI, ASI stopped doing business, filed for bankruptcy, and Proficient began to operate in its place and service ASI's clients by using ASI's equipment, personnel, management, and assets. In that vein, liberally construing Plaintiffs' amended complaint, they have stated sufficient facts that allege three of the above-noted factors, only one of which would be sufficient to allege a cause of action for successor liability: (1) Proficient had knowledge of ASI's default judgment and expressly assumed ASI's

obligations [ECF No. 75, ¶¶ 14-15, 18]; (2) Proficient is a mere continuation of ASI [*Id.* at ¶ 18]; **and** (3) Proficient and ASI are participating in a fraudulent transaction to avoid ASI's prior liabilities [*Id.* at ¶ 16].

To be sure, Plaintiffs' amended complaint is a little light on the specifics of how Proficient took over ASI's operations, i.e., purchase agreement, transfer of assets, etc. But Plaintiffs are not required to allege that level of detail to survive a motion to dismiss. *Ulrey v. Twiss Transp., Inc.*, No. 8:02-CV-2082-T-27MAP, 2004 WL 741380 (M.D. Fla. Jan. 30, 2004) (granting plaintiff's motion to add successor company to age discrimination suit and finding sufficient plaintiff's successor liability allegations that successor company employed many of the predecessor's managers and employees). Accordingly, the Court finds that Plaintiffs' amended complaint sufficiently states a cause of action for successor liability under Florida law.

## B. Merger or Transfer of Assets Between ASI and Proficient

Proficient's second argument is that Plaintiffs' amended complaint fails because Plaintiffs failed to allege that there was a merger or transfer of assets between ASI and Proficient and, thus, there can be no successor liability. For support, Proficient cites to *Coffman v. Chugach Support Services, Inc.*, 411 F.3d 1231 (11th Cir. 2005).

In *Coffman,* the plaintiff's employer lost a contract to provide base services for an air force base while the plaintiff was on duty. *Id.* at 1232-33. The defendant was

13

awarded the contract and hired a substantial amount of the plaintiff's employer's co-workers. *Id.* at 1233. The plaintiff was not one of those hired. *Id.* He sued the defendant under the Uniformed Services Employment and Retirement Rights Act ("USERRA") alleging that the defendant was the successor in interest to the plaintiff's employer. *Id.* at 1234. Even though the USERRA provided for liability for a successor in interest, the Eleventh Circuit affirmed the district court's summary judgment order in favor of the defendant and found that there can be no successor liability if there was no merger or transfer of assets. *Id.* at 1237.

The Court finds *Coffman* factually, procedurally, and legally distinguishable from the instant case. Therefore, the Court denies Proficient's motion to dismiss Plaintiffs' amended complaint on this basis.

Factually, there is no allegation here that Proficient, like the defendant in *Coffman*, somehow had the bad timing of entering into contracts to service ASI's clients at the time ASI had a default judgment and went bankrupt. Indeed, it is Proficient who makes this *factual* assertion in its motion to dismiss, not Plaintiffs. [ECF No. 82, p. 6]. Proficient's factual assertion may very well turn out to be accurate, but the Court must accept as true the facts in Plaintiffs' amended complaint in ruling on a motion to dismiss. And Plaintiffs have made no such allegation here.

14

This leads to the second distinguishing point: *Coffman* was decided at the summary judgment phase, while this case is only at the motion to dismiss phase. In fact, the district court in *Coffman* denied the defendant's motion to dismiss. *See Coffman v. Chugach Support Servs., Inc.,* No. 03-CV-0029 (N.D. Fla. Oct. 27, 2003). Thus, it is premature to dismiss Plaintiffs' amended complaint without allowing the facts to develop.

Finally, *Coffman* dispensed with a different legal issue than the one presented here. *Coffman* involved the statutory interpretation of what a successor in interest means under USERRA. The instant case results from an FLSA action for successor liability which, as shown above, involves the application of federal common law or Florida law.

### C. Priority Position in ASI's Bankruptcy

Proficient's final argument is that Plaintiffs' amended complaint is an end-run around ASI's bankruptcy. According to Proficient, Plaintiffs' amended complaint is *actually* a fraudulent transfer claim and a fraudulent transfer claim can only be brought in ASI's bankruptcy proceeding. Therefore, Proficient reasons that the Court should dismiss Plaintiffs' amended complaint. The Court does not find Proficient's argument persuasive.

15

Unlike the legal authority that Proficient relies on,[6] Plaintiffs have not alleged a fraudulent transfer claim and there is nothing in the amended complaint which suggests that they are pursuing that theory of liability. [*See generally* ECF No. 75]. Rather, as explained, Plaintiffs are pursuing a successor theory of liability against Proficient. Plaintiffs are the masters of their amended complaint and they have chosen not to pursue a fraudulent transfer claim. The Court will not change their amended complaint to allege a fraudulent transfer claim where none is there.

Moreover, the Court finds that this proceeding is not related to ASI's bankruptcy because the outcome here will not alter ASI's bankruptcy estate. *See Key Bank U.S.A., N.A. v. First Union Nat. Bank of Florida*, 234 B.R. 827, 831-32 (M.D. Fla. 1999) (finding that plaintiff's case against defendant would not affect third-party debtor's estate). Accordingly, the Court will not dismiss Plaintiffs' amended complaint on this basis.

## IV.    SABRY AND ASI'S BANKRUPTCY

As noted above, Sabry and ASI have filed for bankruptcy. [ECF Nos. 49; 79]. Under 11 U.S.C. § 362, an application for bankruptcy operates to stay a judicial action against the bankruptcy debtor. Accordingly, this case is stayed as to Sabry and ASI pending the resolution of their respective bankruptcy cases. *See Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602, 2007 WL 676019 (S.D. Fla. Feb. 28, 2007). This

---

6    *In re C.D. Jones & Co., Inc.*, 482 B.R. 449 (Bankr. N.D. Fla. 2012).

case will proceed as to Proficient, the remaining defendant, and the Court will enter a separate scheduling order.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, November 15, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All Counsel of Record

17