UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20608-CIV-GOODMAN

**[CONSENT CASE]**

HERMAN CUERVO, et al.,

    Plaintiffs,

v.

AIRPORT SERVICES, INC., et al.,

    Defendants.

_____/

## ORDER STRIKING DEFENDANT PROFICIENT SERVICES, LLC'S ANSWER AND GRANTING PLAINTIFFS' MOTION FOR DEFAULT

This Cause is before the Court on Plaintiffs'[1] Motion for Default against defendant Proficient Services, LLC ("Proficient"). [ECF No. 116]. The Court has reviewed the motion and the relevant portions of the record. For the reasons below, the Court **strikes** Proficient's answer, **grants** Plaintiffs' motion, and **enters** a default against Proficient.

**I.  BACKGROUND**

    **A.  General Factual Background**

Plaintiffs originally filed suit against Ann Mitchell ("Mitchell"), Hazem A. Sabry ("Sabry"), and Airport Services, Inc., ("ASI") alleging myriad labor law violations arising from their employment as car cleaners for ASI. [ECF No. 1]. Sabry and Mitchell

---

[1] Herman Cuervo, Guillermo Cuervo, Isaac Saturnino, Ernesto Obregon, and Emilio Ramirez.

answered Plaintiffs' complaint. [ECF Nos. 6; 11]. ASI did not and a default judgment and an award of attorney's fees and costs were entered against it. [ECF Nos. 10; 12; 26; 29; 31; 32; 33]. ASI then filed for bankruptcy. [ECF No. 49].

After ASI's bankruptcy, Plaintiffs moved to amend their complaint to add Proficient as a defendant under a successor liability theory. [ECF Nos. 37; 73]. The Court ultimately granted the motion and Plaintiffs filed their first amended complaint against ASI, Sabry, and Proficient. [ECF Nos. 74; 75].[2]

ASI and Sabry answered the amended complaint. [ECF No. 77]. After filing his answer, Sabry filed for bankruptcy. [ECF No. 79]. Proficient filed a motion to dismiss the amended complaint. [ECF No. 82]. The Court denied Proficient's motion and stayed the case as to ASI and Sabry. [ECF No. 95].

### B. Proficient's Conduct

After the Court denied Proficient's motion to dismiss, the Court entered a scheduling order on January 9, 2014. [ECF No. 98]. Since that time, Proficient has failed to comply with its discovery obligations and several Court orders.

1. *Proficient Failed to Participate in Discovery*

Discovery in this case closes on June 26, 2014 [ECF No. 98], and one of the main issues is Plaintiffs' allegations that there was a merger or transfer of assets between

---

[2] Plaintiffs voluntarily dismissed Mitchell from this case and the Court entered an order of dismissal. [ECF Nos. 56; 59].

Proficient and ASI. Proficient denies these allegations. However, with less than 2 weeks before discovery closes, Proficient has failed to respond to Plaintiffs' discovery requests.

For instance, on January 28, 2014, Proficient moved for a protective order as to Plaintiffs' noticed depositions. [ECF No. 101]. The Court denied that motion on March 4, 2014. [ECF No. 109]. Proficient, however, failed to produce the requested deponents. Nor is this Proficient's only discovery failing. Indeed, in his motion to withdraw, Proficient's counsel specifically noted that his client (Proficient) failed to respond to his communications in order to assist him in responding to Plaintiffs' discovery requests. [ECF No. 112].

### 2. *Proficient Fails to Comply With the Court's Orders*

In addition to its discovery failings, Proficient has failed to comply with the Court's orders.

First, on April 15, 2014, the Court ordered Proficient to retain counsel within 30 days after it granted its counsel's motion to withdraw. [ECF No. 113]. Proficient was specifically warned that it "must be represented by counsel in order to defend itself in this action." [*Id.* at p. 1]. Proficient failed to comply with this order to retain counsel.

Second, in response to the Plaintiffs' motion for the entry of a default against Proficient [ECF No. 116], the Court entered a show cause order requiring Proficient to retain counsel and to show cause in writing why its answer should not be stricken and a

default entered against it. [ECF No. 117]. Proficient failed to retain counsel or file a response to the show cause Order.

## II.   APPLICABLE LEGAL STANDARD

Under Federal Rules of Civil Procedure 16(f) and 37(b)(2), a court may sanction a party for failing to obey a scheduling order, a discovery order, or other pretrial order, including striking its answer and entering a default. *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 807-CV-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug 15, 2008) (citing Rule 16(f) and Rule 37(b)(2)). Such a severe sanction should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders" and the court finds lesser sanctions would not suffice. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (internal citations omitted); *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "When a party demonstrates a flagrant disregard for the court and the discovery process, however," this drastic sanction is not an abuse of discretion. *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982).

## III.   ANALYSIS

The Court finds that the sanction of default is warranted in this case. First, Proficient has failed to comply with no less than four court orders: the scheduling order [ECF No. 98]; a discovery order [ECF No. 109]; an order requiring Proficient to retain counsel [ECF No. 113]; and the Court's show cause order [ECF No. 117]. Indeed,

4

Proficient's own attorney moved to withdraw because of Proficient's refusal to participate in this case. [ECF No. 112]. Under these circumstances, the Court finds that Proficient has wilfully disregarded the Court's orders. *See Glanzrock,* 2008 WL 3833950, at *2 (striking FLSA defendant's answer and entering default after finding defendant's failure to comply with court's scheduling order and show cause order was willful).

Second, the Court finds that no lesser sanction, other than default, will suffice. Proficient has refused to participate in this case or to respond to Court orders. Thus, the Court finds that there is no sanction that would ensure Proficient's compliance. *Archer v. Air Jamaica*, 268 F.R.D. 401, 405 (S.D. Fla. 2010) (finding no lesser sanction would suffice other than striking plaintiffs' complaint because plaintiffs refused to participate in discovery or comply with numerous court orders); *Pickett v. Exec. Preference Corp.*, No. 6:05-cv-1128-Orl-31 DAB, 2006 WL 2947844, at *2 (M.D. Fla. Oct. 16, 2006) ("As it is plain that Defendant . . . has abandoned its defense and has failed to comply with a Court Order . . . [the Court will] strike its pleadings, and enter a default against it. Absent any indication that the corporation intends to participate in this case, no lesser sanction will suffice.").

Finally, the Court also finds that Plaintiffs have been prejudiced. Plaintiffs have spent almost four months trying to obtain basic discovery and to schedule depositions, but have been unable to do so because of Proficient's failure to participate in this case.

5

*Archer*, 268 F.R.D. at 405 (finding defendant was prejudiced because of plaintiffs' failure to participate in discovery).

IV.   **CONCLUSION**

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Motion [ECF No. 116] is **granted**.

2. The Clerk of Court shall strike ECF No. 97, Proficient's answer.

3. A default is hereby entered against Proficient.

4. Plaintiffs shall file a motion for default judgment within 10 days of the date of this Order.

5. Plaintiffs' counsel shall send a copy of this Order to Proficient.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, June 17, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All Counsel of Record

Proficient Services, LLC
7380 Sand Lake Road, Suite 500
Orlando, FL 32819